*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re JCO.

UNPUBLISHED
April 25, 2024

BRIA BRUNETTE,

Petitioner-Appellee,

v

No. 368003
Grand Traverse Probate Court

JCO,

LC No. 05-028672-MI

Respondent-Appellant.

Before: M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Respondent appeals as of right an order to continue mental health treatment. We affirm.

On February 23, 2023, petitioner filed a petition in Grand Traverse Probate Court to subject respondent to a continuing mental health treatment order. The petition noted that respondent was diagnosed with schizoaffective disorder, bipolar type, and needed treatment at least five days per week. Respondent does not believe he has a mental illness. On March 2, 2023, respondent filed a motion requesting an independent clinical examination (ICE), and asked the trial court to adjourn the hearing on the petition until after an ICE was completed. The trial court granted the motion, authorizing an ICE by the doctor of respondent's choice, and adjourned the hearing.

On March 8, 2023, petitioner filed an ex parte emergency motion for a continued mental health treatment order pending the completion of respondent's ICE and rescheduled hearing. The current mental health treatment order for respondent was in place until March 15, 2023, which did not last long enough to cover the time before the hearing on the original petition would take place, and petitioner wanted to ensure mental health treatment would continue throughout the ongoing court proceedings. Petitioner and respondent stipulated to the entry of a court order for continued mental health treatment pending the ICE of respondent and rescheduled hearing.

The hearing on the petition was rescheduled for July 17, 2023, but respondent, in the interim, filed another motion for an ICE to take place and to adjourn the hearing until after the ICE

was completed. Respondent stated that the doctor he originally wanted to perform the ICE was not available because of his own health problems. Respondent's motion was granted and the trial court stated that the ICE must be completed within 30 days or the hearing would proceed without an ICE. Respondent had an appointment for an ICE scheduled for August 3, 2023, but missed it because he was admitted to the psychiatric ward at Munson Medical Center and was unable to be reached. He was offered an ICE by doctors at Munson Medical Center, but respondent declined because he did not believe it would be impartial.

Once again, the hearing was rescheduled, this time for August 14, 2023. Respondent filed another motion to secure an ICE and adjourn the hearing. For the third time, the trial court granted the motion and adjourned the hearing until September 18, 2023. At the hearing, respondent renewed his request for an ICE and to adjourn the hearing. The trial court declined to grant more time for an ICE because "the original request was so long ago," and the court granted additional time on several other occasions and yet the ICE still had not taken place. While the court was sympathetic to respondent's desire to have a specific doctor perform the ICE, it was not able to happen, and respondent rejected other arrangements made available to him.

On appeal, respondent argues that it was his right to receive an ICE under MCL 300.1463(1), and the trial court's decision to conduct a hearing on the petition instead of adjourning proceedings so he could obtain an ICE was an abuse of discretion because it violated that right. We disagree.

A trial court's decision on a motion to adjourn is reviewed by this Court for an abuse of discretion. *Charter Twp of Ypsilanti v Dahabra*, 338 Mich App 287, 292; 979 NW2d 725 (2021). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.*

MCL 330.1463(1), part of the Mental Health Code, MCL 330.1001 *et seq.*, states:

> If requested before the first scheduled hearing or at the first scheduled hearing before the first witness has been sworn on a petition, the subject of a petition in a hearing under this chapter has the right at his or her own expense, or if indigent, at public expense, to secure an independent clinical evaluation by a physician, psychiatrist, or licensed psychologist of his or her choice relevant to whether he or she requires treatment, whether he or she should be hospitalized or receive treatment other than hospitalization, and whether he or she is of legal capacity.

"A motion for an adjournment must be based on good cause, and a court, in its discretion, may grant an adjournment to promote the cause of justice." *Charter Twp of Ypsilanti*, 338 Mich App at 292 (quotation marks and citation omitted). This Court has held that to establish good cause for an adjournment, a party must "show a legally sufficient or substantial reason" for an adjournment to occur. *Id.* (quotation marks and citation omitted). The Supreme Court has defined good cause to mean a "satisfactory, sound or valid reason." *Id.* (quotation marks and citation omitted). MCL 330.1462(1), of the Mental Health Code, states that "[r]equests for continuances for any reasonable time shall be granted for good cause."

Respondent argues that the trial court abused its discretion at the September 2023 hearing when it denied his request to adjourn the hearing so he could have an ICE performed. Respondent states that he was already under an order for involuntary mental health treatment because he stipulated to it in March 2023, and granting his request to adjourn for a fourth time would not have harmed the court or petitioner. Instead, he argues, it would have potentially benefited respondent's position by allowing him to have an ICE performed, as was his right under the Mental Health Code. He contends that an ICE is difficult to attain in his area of the state.

In this case, respondent properly requested, before the first scheduled hearing on the petition, to have an ICE performed by a doctor of his choice. The trial court granted respondent's motions for adjournment to attain an ICE three different times: once in March 2023, again in July 2023, and one more time in August 2023. The trial court gave respondent notice that he must have an ICE completed within 30 days of the July 2023 order, or a hearing would take place without one being performed. Despite this, the trial court still gave respondent another chance to secure an ICE. Respondent had seven months to arrange an ICE with a doctor of his choosing. In August 2023, after he missed his scheduled appointment for an ICE while hospitalized, respondent was given the opportunity to have a doctor at the psychiatric ward perform an ICE for him. Respondent declined because he did not believe it would truly be an independent evaluation. However, at no other time did respondent attempt to make other arrangements, whether after the first order to adjourn in March 2023, the second in July 2023, or the third in August 2023.

The Mental Health Code states that continuances for good cause must be granted for "any reasonable time." MCL 330.1462(1). The trial court already granted adjournments three times before, allowing respondent seven months to attain an ICE. There is no indication that, after yet another adjournment, respondent would finally have an ICE completed. The court had already granted reasonable time to respondent, who failed to properly use that time to secure an ICE. The trial court noted that when it became clear his first choice of doctor was unavailable, other arrangements needed to be made and he failed to do so for six months, and then failed to do so again after missing his second appointment. He was offered other doctors, but respondent declined those options. The trial court's decision to deny an additional adjournment of the hearing was not an abuse of discretion. The trial court's decision was within the range of reasonable and principled outcomes because it was reasonable to conclude that any additional adjournment of the hearing was no longer a reasonable amount of time given the past failures to secure the ICE.

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-3-